C. S. ANDERSON *vs.* MINNESOTA AND NORTHWESTERN RAILROAD COMPANY.

39   523
83   231

December 21, 1888.

**Master and Servant—Inspection and Repair of Instrumentalities—Assumption of Risks.**—Action for damages resulting from the alleged defective condition of a hand-car upon which plaintiff worked as an employé of the defendant. In determining the question of reasonable care on the part of the master in such cases, regard must be had to the risks and dangers attending the use of the instrumentality furnished the servant in his employment; and the obligation of the former, as respects due care, extends as well to the matter of inspection and repair as to furnishing. The servant is also bound to exercise care on his part to avoid danger and accident commensurate with the risks to which he is subjected in his employment; and such defects in an instrument which he is frequently using as are obvious to the senses, or with reasonable diligence ought to be discovered or known by him, he will be held to take the risk of.

**Same—Evidence Considered.**—The evidence in the case fully examined and considered, and *held* to sustain the verdict in plaintiff's favor upon the issues of defendant's negligence and plaintiff's contributory negligence.

Appeal by defendant from an order of the district court for Dodge county, *Buckham*, J., presiding, refusing a new trial, after a verdict of $1,750 for plaintiff.

*Lusk & Bunn*, for appellant.

*Geo. B. Edgerton* and *Davis, Kellogg & Severance*, for respondent.

VANDERBURGH, J.   A new trial was asked for by defendant on the

ground that the verdict in plaintiff's favor was not justified by the evidence, and the refusal of the trial court to grant the application is the ground of this appeal. The plaintiff was in the employ of the defendant, and was one of a gang of section-men, seven or eight in number, including their foreman. They had charge of a hand-car, which they used in their business to transport themselves and their tools to and from different points on the section of the railroad upon which they worked. At the time of the injury complained of, they were returning on the car from their work, and the men were all engaged in operating it,—three on one side, and four, including the plaintiff, on the other. The car was moving up grade, and against the wind, and it required vigorous exertion to drive it forward. While so working under the direction of the foreman, that portion of the wooden handle which plaintiff held parted at the iron clasp or ring through which it was passed to work the levers in operating the car, and he was suddenly precipitated forward on the track, and was run over and seriously injured, and he now seeks to recover damages against the defendant for its alleged negligence in not providing a safer instrument to work with.

1. The evidence tends to prove that the handle was too weak for the strain required and put upon it, and the use to which it was applied. There was a knot in the wood at or very near the place where it broke, which caused a deflection in the grain of the wood under the clasp, which some of the witnesses testify was a defect in the handle which weakened it. It was fastened in the clasps or bands at the ends of the iron levers by screws or nails passing through into the wood. This handle, it appears, had been so fastened a second time, and there was under the band a second nail-hole, well worn, extending through the wood at the place where it broke, which the jury might also find tended to weaken the handle at that point. In such cases, in determining the question of reasonable care, regard must be had to the particular use to which the instrumentality furnished is to be applied, and the risks and dangers attending such use; and the obligation of the master extends as well to the matter of examination and repair as to furnishing. The jury had before them the two parts of the broken handle, and some of the witnesses—experi-

enced railroad hands, competent to speak on the subject—testified that the knot made the handle defective; and, among other things, that it was not a first-class handle; "that the grain ran out at the edge of the knot," and "weakened the stick;" "the crooked grain around the knot weakens it a great deal." A carpenter, familiar with different kinds of wood, testified: "I don't think it would have broke in that way if there had not been a knot there. I think it turned the grain by the knot being there." One of the witnesses also testified that the nail and screw hole weakened it. There is no doubt that there was evidence enough to warrant the jury in finding the handle unsafe for the purpose to which it was applied. The only question of serious doubt or difficulty is whether the defendant was negligent in permitting such a piece of wood to be used for a car handle, or in suffering it to remain in use so long. The nature of the business, and the dangers attending the use of the car, required a corresponding degree of care on the part of the defendant in guarding against accidents from defects in the same. And we think it was for the jury to determine whether such care was exercised in this case, upon the evidence of the witnesses as to the nature of the defects in the handle, the length of time it had been in use, the nature and appearance of the defects, and the manner it had been repaired, and the condition it was in at and previous to the time of the accident. The evidence tends to show that it was the duty of the foreman, who had the car constantly in charge, to see that it was kept in repair, and furnished with new handles, when necessary. He represented the master, and if (as upon the evidence the jury might find) the repairs have been so carelessly made in fastening the handle as to render it unsafe, or if the other defects testified to were such as to weaken it, and as were discoverable by reasonable diligence, the defendant is chargeable with knowledge thereof, and responsible for the consequences resulting therefrom.

2. Though the plaintiff may not have been charged with the duty and responsibility of inspecting or repairing the car except as he might from time to time be directed by the foreman, yet he was undoubtedly bound to exercise care commensurate with the risks to which he was subjected in his employment; and such defects in an instrument

which he was frequently using as were obvious to the senses, or with reasonable diligence, considering the circumstances and nature of his employment, ought to be discovered or known by him, he must be held to take the risk of. In this case the car had been in use there about six months. The accident occurred the latter part of May. The plaintiff had worked with the car the fall before, and about two months in the spring next preceding the accident, but was absent during the winter. The evidence in his behalf tended to show that he was a track laborer acting under the immediate supervision of the section foreman, who was charged with the responsibility for the car and its condition, and that it was the duty of the latter to attend to the inspection and repairs thereof. It does not appear that plaintiff worked with one handle more than the other, nor that it was his duty to inspect or repair the same. Plaintiff denies that he had any notice of the defect complained of, and it does not appear that he knew of the extra nails that had been used to fasten the handle, or that it had been turned and refastened while he was working with the car. The jury were informed by the evidence of the nature of his work and duties, saw and examined the stick that was broken, and heard the evidence of the witnesses as to the nature of the defect; and upon the whole record we are not prepared to say that the trial court erred in submitting to them the question whether his ignorance of the character and extent of the defect was attributable to want of reasonable diligence on his part.

Order affirmed.

GILFILLAN, C. J., and MITCHELL, J., (*dissenting.*) We dissent, because in our opinion the evidence was not sufficient to justify a finding of negligence on the part of defendant.