BOHN MANUF'G CO. v. ERICKSON et al.

(Circuit Court of Appeals, Eighth Circuit. May 1, 1893.)

No. 194.

1. INJURY TO MINOR EMPLOYE—WARNING OF DANGER.

It is the duty of a master to notify a minor servant of the ordinary risks and dangers of his employment, which the former knows, or which a master of ordinary prudence and intelligence would, under like circumstances, know, the minor does not understand or appreciate and to instruct him how to avoid them.

2. SAME—ORDINARY RISKS.

No duty rests upon the master to notify the minor servant of the ordinary risks and dangers of his occupation which the latter actually knows and appreciates, or which are so open and apparent that one of his age, experience, and capacity would, under like circumstances, by the exercise of ordinary care, know and appreciate. These dangers the minor assumes.

**3. SAME—LATENT DANGERS.**

It is the duty of the master, however, to notify the minor servant of any latent dangers connected with a hazardous employment which are known to him, and of which the servant is not aware.

**4. SAME—LATENT DANGERS—INSTRUCTION.**

A boy of 15, at work at a relishing machine in defendant's woodworking factory, had his hand cut by the knives of the machine; and all the circumstances of the accident as shown by the evidence were such that he must have been held to have assumed the risks, and defendant exonerated from any negligence in the premises, because the danger incurred was well known to the boy, unless the jury found that the revolving knives created a suction that tended to draw into or against the knives any body which, like the boy's hand, was placed close to them, and that this was known to defendant, but was not known to the boy. *Held,* that it was error to refuse an instruction to this effect, requested by defendant, and to give a general charge in which the issue as to this alleged suction was not mentioned.

In Error to the Circuit Court of the United States for the District of Minnesota.

This was an action by Ernest Erickson and Swan Erickson, his guardian ad litem, against the Bohn Manufacturing Company, for personal injuries to Ernest. There was judgment for plaintiffs on the verdict of a jury in the court below, and defendant brings error. Reversed.

Statement by SANBORN, Circuit Judge:

Ernest Erickson, who was a minor, and the plaintiff below, brought an action by his guardian ad litem for a personal injury, and recovered a judgment of $5,000 against the Bohn Manufacturing Company, the plaintiff in error, a corporation engaged in the manufacture of sash, doors, and blinds, and it is to reverse this judgment that this writ of error was sued out.

On September 16, 1890, three of the fingers and a portion of the plaintiff's left hand were so badly cut by the revolving knives of the defendant's relishing machine that it became necessary to remove them. The knife head of this relishing machine had two sharp knives bolted to it, and projecting about two inches, that made about 3,000 revolutions a minute when in operation. They were driven by steam, and were used for shaping the shoulders of tenons. The plaintiff was a Swede boy, 15 years old, who came to this country in December, 1889. About the 1st of May, 1890, he was employed to sweep the floors in a large factory of the defendant, where there were many machines driven by steam. About a week later he was put at work on a pinning machine. About two months later the foreman took him to the relishing machine, took rails and worked with it, and thus by example instructed the plaintiff how to operate it. The plaintiff then operated it, and continued to do so from that time until he was hurt. There was not sufficient work to occupy this machine all day each day, but a small portion of each day was sufficient to do the work upon it, and the plaintiff worked on the pinning machine when there was no work for the relishing machine. He testified that he worked on it about three days altogether before he was hurt. While the machine was running one day, the foreman brushed the shavings away from the machine with his hands, and thus by example instructed the plaintiff how to do so. The plaintiff testified that he did not understand the English language, and that he received no instructions that he understood, other than the examples furnished him by the foreman. He testified that he was hurt while brushing away the shavings. No one but the plaintiff saw the injury inflicted. The plaintiff, in his complaint, alleged the jurisdictional facts, his age, his ignorance of the English language, his inexperience in the use and risks of machinery, and his employment to sweep floors. He then alleged generally the duty of defendant to explain to him the dangers of any machinery it placed him at work upon, and how to avoid such dangers; that the defendant, on the 16th day of September, 1890, carelessly put the plaintiff at work at the relishing machine; that this was a dangerous machine; that the plaintiff did

not appreciate its dangers on account of his youth and inexperience; that the defendant failed to explain them, or to instruct him how to avoid them; and then, without any allegation of any specific danger or hazard connected with the operation of the machine, except that referred to in the following quotations, proceeded thus: "But that, on the contrary, the defendant then and there carelessly and negligently directed plaintiff to clean off with his hands, while working said machine, the shavings congregating on the table of said machine, near the place where said knives on said machine were revolving at a great and dangerous speed; that so to clean off said shavings with the hands was extremely dangerous, for the reason that the rapid revolution of said knives created a strong suction towards the place where said knives were revolving, by which the hand of any person placed within the force of said suction was liable to be drawn into and under said knives with such force and violence that it would be extremely difficult, if not impossible, to withdraw the same before the hand had been cut and lacerated by said knives, of all of which the said defendant was then and there well aware, but of which plaintiff was, by reason of his youth and inexperience, to defendant's knowledge, wholly unaware; that on said 16th day of September, 1890, while plaintiff was discharging the duties of his service, to which he was by the defendant wrongfully set on said relishing machine, and while he, as he was by defendant directed, was with his left hand sweeping away the shavings accumulating on said table, near said knives, without any fault or negligence on his part, and solely by reason of the carelessness and negligence of defendant, the fingers of his said left hand were, by said powerful suction, drawn towards and under said knives, revolving with great speed as aforesaid, and the three last fingers of his left hand and about one-half of the balance of his said left hand were then and there and thereby wholly cut off, and his left hand and the bones, muscles, tissues and nerves of the said left hand then and there terribly cut, fractured, bruised, and lacerated;" and that, by reason of the premises, he was damaged in the sum of $10,000.

The defendant, by its answer, denied any knowledge of the manner in which the accident happened, and any negligence on its part, and alleged that the plaintiff was fully aware of all the risks and dangers of the relishing machine, and that the injury resulted from his own carelessness.

There was an irreconcilable conflict of testimony over the question whether or not the rapidly revolving knives created any suction that would draw articles towards the place where they were revolving. Eight witnesses testified upon this question. Plaintiff's witnesses testified that such a suction was created, defendant's that it was not, but that the effect of the revolving knives was to create currents of air that blew articles away from the knives. The plaintiff testified that the knives were two inches long, that he knew they went around and cut out the wood, and so he was careful when he was cleaning and when he was cutting so as not to get his hands near there, but that he did not know of any draw or any suction there, and that while he was brushing away the shavings his hand was sucked and drawn into the knives. He testified in another place that his coat was first caught and drew his hand in.

The defendant requested the court to charge the jury as follows: "The plaintiff claims that the defendant did wrong and was negligent in not telling him, the plaintiff, that the knives might suck his hands into them, whereby he might get cut. He admits by his own evidence that he knew the knives would cut him if he got in their way. So if you find by the evidence that there was no suction at all about this machine, which would draw the hand of the plaintiff into the knives, then the defendant was not negligent, and the plaintiff cannot recover."

The court refused to give this instruction, and delivered a general charge, which occupies seven pages and a half of the printed transcript, in which the issue over the existence of this suction, the latent danger from it, and the effect of the jury's finding upon that issue, is nowhere referred to. The refusal to give this request is one of the errors assigned.

Charles G. Lawrence, (Harris Richardson, on the brief,) for plaintiff in error.

John W. Arctander, for defendants in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

SANBORN, Circuit Judge, (after stating the facts.)　It is the general rule that a servant assumes the ordinary risks and dangers of the employment upon which he enters, so far as they are known to him, and so far as they would have been known to one of his age, experience, and capacity by the use of ordinary care.　He does not assume latent dangers known to the master that are actually unknown to him, and that one of his capacity and experience would not have known by the use of ordinary care.　It is the duty of the master to notify the servant of such dangers.　Obviously the line between dangers apparent and latent varies with the varying experience and capacity of the servants employed.　Risks and dangers that are apparent to the man of long experience, and of a high order of intelligence, may be unknown to the inexperienced and ignorant; hence, if the youth, inexperience, and incapacity of a minor who is employed in a hazardous occupation are such that a master of ordinary intelligence and prudence would know that he is not aware of or does not appreciate the ordinary risks of his employment, it is his duty to notify him of them, and instruct him how to avoid them.　This notice and instruction should be graduated to the age, intelligence, and experience of the servant. They should be such as a master of ordinary prudence and sagacity would give under like circumstances, for the purpose of enabling the minor not only to know the dangerous nature of his work, but also to understand and appreciate its risks and avoid its dangers.　They should be governed, after all, more by the experience and capacity of the servant than by his age, because the intelligence and experience of men measure their knowledge and appreciation of the dangers about them far more accurately than their years.　Pressed Brick Co. v. Reinneiger, (Ill. Sup.) 29 N. E. Rep. 1106, 1107; Dowling v. Allen, 74 Mo. 13, 16; Railway Co. v. Valirius, 56 Ind. 511, 518; Buckley v. Gutta Percha Co., (N. Y. App.) 21 N. E. Rep. 717; Railway Co. v. Frawley, (Ind. Sup.) 9 N. E. Rep. 595, 598.

On the other hand, no duty rests upon the master to notify the minor of the ordinary dangers of his occupation that are so open and apparent that one of his age, experience, and capacity would, under like circumstances, by the exercise of ordinary care, know and appreciate them.　No duty rests upon him to notify the minor of the ordinary dangers of his employment that the latter actually knows and appreciates.　As to these dangers and risks that he actually knows and appreciates, and as to those that are so apparent and open that one of his age, experience, and capacity would, in the exercise of ordinary care, know and appreciate them, the minor is governed by the same rules as the adult.　He assumes these risks by entering upon or continuing in the employment, and no negligence can be charged to the master, and no liability can be fastened upon him, because he fails to give futile notices and warnings of these dangers, which the minor knows and appreciates, or ought to know and appreciate.　Engine Works v.

Randall, 100 Ind. 293, 298, 300; Berger v. Railway Co., 39 Minn. 78, 38 N. W. Rep. 814; Sullivan v. Manufacturing Co., 113 Mass. 396; Fones v. Phillips, 39 Ark. 17, 38.

Thus, if a master employs a boy of ordinary intelligence, 15 years of age, to work upon the roof of a building, and he steps off and falls to the ground, the master cannot be charged with negligence because he did not notify him that his body would be forcibly drawn to the earth if he stepped off into space. If a blacksmith employs such a boy to assist him about his forge, and he places his hand in the fire and burns it, the master is not chargeable with negligence because he did not notify the boy that the fire would burn his flesh. These dangers are patent, and no boy 15 years of age, of ordinary capacity, would fail to appreciate them. And if, in the case at bar, the plaintiff, after entering upon his work at the relishing machine weeks before, after repeatedly seeing the revolving knives cut the wooden rails, permitted his hand or his coat to come under those knives, uninfluenced by the latent danger from the suction of which he was not aware, the defendant cannot be charged with negligence, and made liable here, because it did not notify him that those knives would cut his fingers, and tear and draw his clothes, if he placed them within their reach. These dangers were apparent. A boy of his age and intelligence, with the experience he had after working in that factory four months, and at this machine at frequent intervals for several weeks, must have known and appreciated them. It did not require a knowledge of the English language for him to see that the revolving knives cut the wood, and to know and appreciate the dangers of allowing his hands or clothes beneath them. Fortunately the lessons taught and warnings given through the eye are not limited to the language of any nation. At intervals for some weeks, and for three full days in the aggregate, before his injury, he pushed the wooden rails against these knives, and saw them cut the shavings from them. No words in any language could have added to the knowledge or appreciation of the danger of permitting his hands or clothes to come under these revolving knives which this visible demonstration of the power of this machine must have given him. Nor are we left to presumption here. The record discloses the fact that he did know and fully appreciate these dangers, and that he knew how to avoid them. He testifies that he knew the knives went around and cut out the wood, and so he was careful when he was cleaning and when he was cutting, so as not to get his hands near them. If, then, there were no dangers causing the injury but these, which were so apparent, and so well appreciated by the plaintiff, the defendant was not liable for it. But if, on the other hand, these revolving knives created a strong suction, which was liable to draw articles to them, and this was known to the defendant and unknown to the plaintiff, here was a latent danger that it was the duty of the defendant to inform the plaintiff of; and if it did not do so, and the injury resulted from this hidden risk, it was the natural result of the defendant's negligence, and it was liable for the resulting damage. The record disclosed no other danger connected with this work

which the plaintiff did not appreciate, and thus the vital issue in the case became whether or not such a suction was created by the revolving knives, for, if there was no suction, there was no latent danger, and could be no recovery. The existence of this suction cannot be relegated to the rank of one of many circumstances in this case tending to prove negligence, others of which were the direction to the plaintiff to work at the relishing machine, and the example set by him by brushing away the shavings from the revolving knives, because whether or not this direction and this example were negligent depended upon this very issue whether or not the dangerous suction existed unknown to the plaintiff. Neither the direction nor the example would entitle the plaintiff to recover if the injury was the result of dangers that were apparent to and appreciated by him, especially since he entered upon and continued in the employment without objection from four to eight weeks after he was directed to work at the relishing machine. Anderson v. Morrison, 22 Minn. 274, 276. According to his own testimony, all the dangers of his occupation were apparent and appreciated by him, except that from this suction; hence, before a recovery could be had, on account of this direction or example, the existence of the suction and its latent danger must be established. That the plaintiff and his counsel appreciated the importance of this issue at the commencement of this action, and based the plaintiff's right to recover upon it, is demonstrated by the complaint. His counsel understood that his client could not recover on account of risks and dangers that he was aware of and appreciated, and that he could only recover in case his injury was the result of some danger of which he was not apprised. He also knew that, as his client was the only person who saw the injury inflicted, it was his duty to disclose in his pleading the latent danger that caused it. This he did, with admirable clearness and certainty. After alleging the age, inexperience, and employment of the plaintiff, and making some general allegations of the duty of the defendant, and its negligence in placing him at work at the relishing machine, and in instructing him to clear off the shavings from about the revolving knives with his hands, he averred that it was dangerous to do so, because "the rapid revolution of the knives created a strong suction towards the place where the knives were revolving by which the hand of any person placed within the force of said suction was liable to be drawn into and under said knives with such force and violence that it would be extremely difficult, if not impossible, to withdraw the same before the hand had been cut and lacerated by said knives;" that the defendant was aware of this suction and its danger, and the plaintiff was ignorant of it; and that when the injury was inflicted "the fingers of his said left hand were, by said powerful suction, drawn towards and under said knives," and he was thus injured. The existence of such a suction was denied by the defendant, and this issue was spiritedly contested at the trial. The plaintiff's testimony sustained the above allegations of his complaint. He said he did not know of this suction before the accident; that his hand was sucked and drawn into the knives: that his coat first caught, and drew his hand in.

Under this pleading and evidence it is plain that the only real issue left for the determination of the jury at the close of the trial was whether or not there was a suction towards the place of the revolving knives when this machine was in operation which caused the plaintiff's injury. This question should have. been clearly and sharply presented to the jury for their determination by the court below. This the defendant requested the court to do. It asked that the following instruction should be given:

"The plaintiff claims that the defendant did wrong and was negligent in not telling him that the knives might suck his hands into them. whereby he might get cut. He admits by his own evidence that he knew the knives would cut him, if he got in their way. So, if you find by the evidence that there was no suction at all about the machine which would draw the hand of the plaintiff into the knives, then the defendant was not negligent, and the plaintiff cannot recover."

The court refused to give the instruction, and did not mention this issue at all in its charge. This was error. This request of the defendant should have been given. This record discloses, as we have shown, that this danger from the alleged suction was the only peril pleaded or proved connected with his employment which was not patent to and fully appreciated by the plaintiff before the injury. This was the only latent danger on which a recovery could have been based. If, however, there was no suction, there could have been no latent danger from it, and therefore no recovery. The jury should have been so instructed.

The judgment below is reversed, with costs, and the cause remanded, with instructions to grant a new trial.