ST. LOUIS, I. M. & S. RY. CO. v. NEEDHAM et al.

(Circuit Court of Appeals, Eighth Circuit.    September 2, 1895.)

No. 596.

1. NEGLIGENCE—PROXIMATE CAUSE—QUESTION FOR JURY.

In an action against a railroad company for damages for the death of an employé in an accident caused by a train running into an open switch, the negligence charged was the failure to provide a target upon the switch. There was evidence that it was the custom of the railroad company to maintain targets on its switches, to notify engineers whether they were open or closed, and that if there had been a target on the switch in question the engineer of the train would have been notified that the switch was open, in time, probably, to avert the accident. *Held,* that it was not error to refuse to instruct the jury that the plaintiff had failed to show that the failure to maintain the target was the proximate cause of the injury, but that that question was for the jury.

2. SAME—ROLE OF SAFE PLACE—HARMLESS ERROR.

The extent of the duty of the master to the servant in the matter of place of service is to exercise ordinary care to furnish him a reasonably safe place, and to use ordinary care and diligence to keep it in a reasonably safe condition, and it is error for a court to charge the jury that it is

the master's duty to furnish the servant a reasonably safe place. This court has repeatedly so held. Railway Co. v. Jarvi, 3 C. C. A. 433, 53 Fed. 65, 67, 68; Gowen v. Harley, 6 C. C. A. 190, 197, 56 Fed. 980; Railway Co. v. Linney, 7 C. C. A. 656, 660, 59 Fed. 48. In this case the court fell into this error by making this broad statement in one portion of its charge, but it subsequently so clearly defined the extent and limits of the duty of the master in this particular case that there is no doubt that the jury were governed by the true rule, and were not misled.

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

This was an action by Mrs. D. L. Needham and T. B. T. Williams, a minor, by his next friend, said Mrs. Needham, against the St. Louis, Iron Mountain & Southern Railway Company, to recover damages for the death of D. L. Needham. Judgments recovered by the plaintiff on two successive trials were reversed on error. 3 C. C. A. 129, 52 Fed. 371, and 11 C. C. A. 56, 63 Fed. 107. On the third trial, plaintiffs again recovered judgment. Defendant brings error. Affirmed.

Geo. E. Dodge and B. S. Johnson filed brief for plaintiff in error.

J. C. Marshall, C. T. Coffman, and James P. Clarke filed brief for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. On a dark night in December, 1889, at Alexander, in the state of Arkansas, a train of cars upon the railroad of the St. Louis, Iron Mountain & Southern Railway Company, the plaintiff in error, ran upon a spur track through an open switch; and Dan L. Needham, who was in the service of the railroad company as the fireman on this train, was killed. The switch had been left open by the carelessness of some of his fellow servants on a preceding train, and in Railway Co. v. Needham, 11 C. C. A. 56, 63 Fed. 107, we held that his widow, Mrs. D. L. Needham, the defendant in error, could not recover of the railroad company for the carelessness of these fellow servants. The case has been retried, and a verdict and judgment rendered against the company on the ground that it was negligent because it failed to maintain a target upon the switch which opened and closed the spur track upon which this train ran.

It is assigned as error that the court below refused to instruct the jury to return a verdict for the defendant on the ground that the plaintiff had failed to show that the proximate cause of the death of Needham was the failure of the company to maintain the target upon the switch. If it was the duty of the railroad company to maintain a target upon this switch, and its negligence in the discharge of this duty directly contributed to the injury of the deceased, it is no defense for the company that the negligence of his fellow servants also contributed to the fatal result. One is liable for an injury caused by the concurring negligence of himself and another, to the same extent as for one caused entirely by his own negligence. Railway Co. v. Chambers, 68 Fed. 148, 153, and cases there cited. There was evidence in this case that it was the custom of the railway company to maintain targets upon the switches along its road for the purpose

of notifying the engineers who were driving the engines over it whether the various switches were open or closed. It was the custom, and undoubtedly the duty, of the engineers, to look for these targets as they approached the various switches along the road. The engineer of the train which met with this accident testified that if there had been a target upon this switch he could have seen it, and would have been notified that the switch was open, more than 120 feet before he could learn that fact by a view of the rails themselves. He also testified that if he had received a longer notice that the switch was open, so that his engine and train would inevitably run upon the spur track, he and the other members of the crew upon the train would have had a better opportunity to decrease its speed, and to get safely from it, before the engine rushed off the end of the spur. In our opinion, there was ample evidence here to warrant the jury in the inference that the absence of the target from the switch contributed to the fatal accident to the deceased. As the case was, only the engine, tender, and the forward trucks of the car next the engine went off the end of the spur. It may well have been that, if the engineer had received notice of the open switch when he was 120 feet more distant from it, he and his fellow servants on the train could have so slackened its speed that Needham might have escaped without injury. The very purpose of the target is to give this notice. To hold, as a matter of law, that the absence of the target could not have contributed to the injury, is to hold that its presence was useless. What is the proximate cause of an injury, and what directly contributed to an injury, are ordinarily questions of fact, for the jury, and the evidence in this case brings it completely within this rule. Insurance Co. v. Melick, 12 C. C. A. 544, 546, 65 Fed. 178; Railway Co. v. Callaghan, 6 C. C. A. 205, 208, 56 Fed. 988; Railway Co. v. Kellogg, 94 U. S. 469, 474, 476.

The second error assigned is that the court below erred in charging the jury that the defendant company, as master of the deceased fireman, Needham, was bound, under the relationship that existed between them, to furnish him with a reasonably safe place in which to discharge the duties he was engaged to perform. This declaration, taken by itself, was erroneous. The rule is, as we have said again and again, that the extent of the duty of the master to the servant, in this respect, is to exercise ordinary care to furnish reasonably safe machinery and appliances, and to use ordinary care and diligence to keep them in a reasonably safe condition. Railway Co. v. Jarvi, 3 C. C. A. 433, 53 Fed. 65. 67, 68; Gowen v. Harley, 6 C. C. A. 190, 197, 56 Fed. 980; Railway Co. v. Linney, 7 C. C. A. 656, 660, 59 Fed. 48. But when the facts of this case are considered, and the entire charge of the court is carefully read. they show, beyond all doubt, that this declaration of the court below could not have misled the jury. The only negligence claimed or proved against the railroad company in this case was the failure to provide and maintain the target upon the switch. The evidence tended to show that it was the custom of the railroad company to maintain such targets at all of its switches. that there had been one at this switch, that it had been knocked off about

a month before the accident, and that it had never been replaced. After giving the general declaration to which we have referred, the court charged the jury that if they found that the evidence established these facts, and that the targets in use by the railroad company were intended to, and did, notify its engineers on approaching trains whether said switches were connected with the side tracks or with the main line; that such targets were relied upon by the defendant's employés for that purpose; that the company knew, or by the exercise of a reasonable inspection could have known, that there was no target there; that the deceased did not know that there was no such target there, and was not negligently ignorant thereof,—and if they further found that the absence of such customary target on the switch caused or contributed to the death of the deceased, then they would find that the defendant was negligent in not supplying the target, and liable to the plaintiff for such damages as resulted to her in consequence thereof. He also charged them that if they found that the presence on the switch in question of the customary target would not have prevented the death of the deceased, and that the absence of the target neither caused nor contributed to his death, then they must find for the defendant, although they found that the switch was left open by the servants of the company. This was a clear, correct, and explicit enunciation of the law applicable to the specific facts of this particular case. No intelligent juror could have heard this charge without clearly understanding the exact extent of the master's duty here. The portion of the charge excepted to is in the nature of a broad statement of a general duty that, the court conceived, rested upon the master in this regard. Standing alone and unqualified, it is an erroneous statement. But the remainder of the charge clearly defines the extent and limit of the duty of the master in this particular case, in strict accordance, as we think, with the established rule. An exception cannot be sustained to an isolated sentence of the charge of the court, when the entire charge upon that subject fairly states the law. For this reason this assignment cannot be sustained. Railway Co. v. Linney, 7 C. C. A. 656, 660, 59 Fed. 45; Railway Co. v. James, 12 U. S. App. 482, 6 C. C. A. 217, 56 Fed. 1001; Railroad Co. v. Mackey, 157 U. S. 72, 15 Sup. Ct. 491, 495; Railroad Co. v. Gladmon, 15 Wall. 401, 409; Evanston v. Gunn, 99 U. S. 660, 668; Stewart v. Ranche Co., 128 U. S. 383, 385, 388, 9 Sup. Ct. 101; Spencer v. Tozer, 15 Minn. 146 (Gil. 112); Peterson v. Railway Co., 38 Minn. 511, 39 N. W. 485; Simpson v. Krumdick, 28 Minn. 352, 10 N. W. 18. The judgment below must be affirmed, with costs, and it is so ordered.