MICHAEL O'NEILL V. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.*

FILED JUNE 19, 1901. No. 9,992.

Commissioner's opinion, Department No. 3.

1. **Bill of Exceptions: PONDEROUS EXHIBITS.** Where ponderous articles, which do not admit of physical attachment to the record proper, are part of the evidence in the case, are referred to in the bill of exceptions, and articles, answering to such reference, are filed in this court with the record in the case, and produced at the hearing, bearing the marks of identification of the official reporter of the trial court; and their identity is unchallenged, save in the course of the argument, the articles produced will be treated as a part of the bill of exceptions.

2. **Employee Has Right to Assume Ordinary Care in Employer.** An employee of a railroad company has a right to assume that his employer has taken ordinary precautions to protect him from injury in the course of his employment.

3. **Contributory Negligence: BRAKEMAN GOING BETWEEN CARS.** It is error to hold, as a matter of law, that a brakeman who, in the course of his employment, goes between cars moving at the rate of four or five miles an hour, is guilty of such negligence as will preclude a recovery for injuries sustained by him while in that act, where such injuries result from the negligence of his employer.

4. **Negligence of Employer Assumption of Risk.** Negligence of the employer, of which the employee is ignorant, is not one of the risks assumed by the latter by his contract of service.

5. **Evidence: DIRECTING VERDICT.** Evidence examined, and *held*, that the trial court erred in directing a verdict for the defendant.

ERROR from the district court for Sarpy county. Tried below before SCOTT, J. *Reversed.*

*James Hassett* and *Michael F. Harrington*, for plaintiff in error.

*W. F. Evans, Woolworth & McHugh, M. A. Low* and *Billingsley & Greene, contra:*

*W. F. Evans, Woolworth & McHugh* and *M. A. Low* cited: On challenge to bill of exceptions, Wells, on Questions of Law & Fact, sec. 826; *Cox v. Chicago, R. I. & P.*

*Rehearing allowed.

R. Co., 51 Pac. Rep. [Kan.], 904; 3 Ency. Pl. & Pr., 418; *Atterberry v. Railway Co.*, 18 Ore., 85. On contributory negligence, *Towner v. Missouri P. R. Co.*, 52 Mo. App., 647.

Cause was argued orally for plaintiff by *Michael F. Harrington* and by *W. F. Evans, contra*.

ALBERT, C.

This is an action brought by the plaintiff to recover for personal injuries sustained by him by reason of the alleged negligence of the defendant. At the close of the testimony the court directed a verdict for the defendant, and from a judgment rendered thereon the plaintiff prosecutes error to this court.

At the threshold of this case we are met by an objection to the bill of exceptions. The defendant insists that a part of the evidence is omitted therefrom, and for that reason the bill of exceptions should be disregarded. The evidence, which it is claimed is omitted, consists of ponderous articles which do not admit of physical attachment to the record proper. These articles are all referred to in the written portion of the bill of exceptions, and articles answering to such reference were filed with the record in the case, and produced at the hearing in this court, bearing the marks of identification of the official reporter of the trial court. Their identity is unchallenged, save in the course of the argument. Under such circumstances, the articles produced will be regarded as a part of the bill of exceptions. The bill of exceptions, therefore, is complete and will be considered as a part of the record in the case.

Coming down to the merits of the case, it is undisputed that at the time of the injuries complained of the plaintiff was in the service of the defendant in the capacity of brakeman on one of its freight trains. In the course of his employment he stepped between two cars to uncouple them. While between the cars his foot caught between the guard-

rail and one of the main rails, and before he could extricate himself he was struck by one of the cars, thrown down and part of the train passed over both his legs, whereby they were crushed and mangled, so that amputation was necessary. The negligence imputed to the defendant by the plaintiff is its omission to fill or block the space between the guard and the main rail of the road. That the guard-rail is a source of danger to those employed in operating trains is sufficiently clear from the evidence. It is an ordinary iron rail, varying in length according to the requirements of the particular place. It is placed on the inner side of the main rail, and parallel with it, at points on the road where there is danger of derailment. The space between the guard and main rail is usually about four inches, except at the ends of the former, which are somewhat curved. What renders this contrivance dangerous is that the rails in cross-sections are in the form of the letter "T," and the guard-rail being curved, at its ends, from the main rail, the foot of one walking on the track is liable to be forced into the space between the two rails, and when it is, it is difficult to withdraw it. It sufficiently appears from the evidence that long prior to the injury complained of most railway systems had adopted the precaution of blocking the space between the two rails with wood, thereby lessening the danger to the employees. As to the relative advantages and disadvantages of this precaution, the evidence is conflicting; but the court having directed a verdict, it will suffice for present purposes to say that there was sufficient evidence to sustain a finding that ordinary care and prudence, and a due regard for the safety of its employees, required the defendant to keep such spaces blocked, and that the injury to the plaintiff would not have occurred but for the omission of the defendant in this regard. In other words, there was sufficient evidence to establish negligence on the part of the defendant.

The defendant invokes the rule that a servant, by his contract of service, assumes the risks and dangers incident

to his employment, and insists that such rule relieves it of liability for the injury sustained by the plaintiff. That the servant, by his contract of service, assumes certain risks is true. Just what such risks are we are not required to determine in this case, because it is sufficient to say that the negligence of his employer is not one of the risks assumed. On the contrary, a servant has a right to assume that his employer has used ordinary care and prudence to insure his safety in the course of his employment. *Seley v. Southern P. R. Co.,* 2 American R. & C. Rep., 151; *Miller v. Southern P. R. Co.,* 4 American R. & C. Rep., 1; *Nord Deutscher Lloyd Steamship Co. v. Ingebregsten,* 51 Am. St. Rep. [N. J.], 604; *Carter v. Oliver Oil Co.,* 27 Am. St. Rep. [S. Car.], 815; *Chicago & E. I. R. Co. v. Hines,* 22 Am. St. Rep. [Ill.], 515; *Southern Pacific Co. v. Yeargin,* 48 U. S. C. C. A., 497. We have not overlooked the case of the *Missouri P. R. Co. v. Baxter,* 42 Nebr., 793. We do not deem it necessary to discuss the rule laid down in that case, because, in our opinion, 't is not applicable to the state of facts shown by this record. In that case it was neither alleged nor shown in evidence that the plaintiff was ignorant of the defects causing injury. In the reasoning employed in the deduction of the rule in that case great stress is laid on that omission. In the present case it is alleged in the petition, and shown by the evidence, that the plaintiff had been in the employ of the defendant but a short time when the injury occurred, and was ignorant of the defect causing the injury. Hence the rule stated in the case referred to does not apply to the one at bar.

This brings us to what we regard as the most difficult question presented by the record, and that is, whether the plaintiff himself was guilty of such negligence in the premises as to preclude a recovery. It is conclusively established that the train by which the plaintiff was injured, at the time of such injury, was under his control and direction; that at the time he stepped between the cars to uncouple them, they were moving at the rate of about four or five miles an hour; that he might, by a mere signal,

have had them stopped and thus effected the uncoupling without danger to himself. There is evidence sufficient to sustain a finding that the plaintiff, though an experienced man, had been in the employ of the defendant but a short time when the injury occurred, and was ignorant of the guard-rail at the point where the injury occurred. The defendant insists that plaintiff's acts, under the circumstances, amount to contributory negligence and bar a recovery. It would serve no useful purpose to cite authorities in support of the general rule that there can be no recovery if the negligence of the injured party proximately contributed to the injury. The soundness of the rule is not questioned; the only question is whether it was correctly applied in this case. In other words, the question is whether the trial court was warranted in holding, as a matter of law, that the acts of the plaintiff, in the light of all the circumstances, constitute such negligence as would defeat a recovery. Negligence is rarely an unmixed question of law. It has been defined by this court as doing that which an ordinarily careful and prudent man would not do under the existing circumstances. *Dailey v. Burlington & M. R. R. Co.,* 58 Nebr., 396, 400. The risk involved is the deterring cause. If the risk is so great that an ordinarily careful and prudent man would not, under the circumstances assume it, then to assume it is negligence. The magnitude of the risk is to be determined by many considerations. Among them is the experience and skill of the individual in the performance of such acts; the time and place and the instrumentalities involved. These, and other elements affecting the risk, which readily suggest themselves, the plaintiff was bound to take into account in deciding whether to assume the risk of going between the moving cars to uncouple them. But he was not required to weigh the chances of negligence on the part of the defendant. On the contrary, he had a right to assume that it had used ordinary care and taken due precautions to protect its employees from danger. He was not required to anticipate the negligence of his employer, but

had a right to assume that it had performed its duty. The cases just cited amply sustain this proposition. Such an assumption is not only warranted, but is essential to the successful operation of a railroad, which will not admit of the employee's stopping to weigh the probabilities of negligence or a mistake on the part of his superiors, but requires prompt and unquestioning obedience.

This leaves then the bare question whether, as a matter of law, one who goes between cars, moving at the rate of four or five miles an hour, on a road where ordinary precautions have been taken for the safety of the employees, is guilty of negligence. As before stated, negligence is seldom an unmixed question of law. Whether an ordinarily careful and prudent man would do a particular act depends upon the attendant risk. As we have seen, the risk depends in part on the individual doing the act. A young man, with long experience as a brakeman, might go between moving cars and uncouple them without incurring any serious risk, while the same act by an old and inexperienced man would be perilous in the extreme. Again, the risk would vary according to the condition of the road, being greater if it should be rough and uneven or covered with ice and snow than if smooth and level and free from such covering. These, and an almost infinite number of other elements, must be taken into account in estimating the risk incurred by the individual doing the act. In view of the manifold factors entering the problem of estimating the risk, it is impossible to say, as a matter of law, what an ordinarily careful and prudent man, under the circumstances would do. From the evidence reasonable minds might reach different conclusions; hence the question was one of fact for the determination of the jury. *Omaha Street R. Co. v. Martin,* 48 Nebr., 65; *Omaha & R. V. R. Co. v. Morgan,* 40 Nebr., 604; *Trott v. Chicago, R. I. & P. R. Co.,* 86 N. W. Rep. [Ia.], 33; *Chicago, B. & Q. R. Co. v. Wymore,* 40 Nebr., 645.

It follows, therefore, that the trial court erred in directing a verdict for the defendant, and the judgment

should be reversed and the cause remanded for a new trial, and such is our recommendation.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.