CHOCTAW, O. & G. R. CO. v. HOLLOWAY.

(Circuit Court of Appeals, Eighth Circuit. March 31, 1902.)

No. 1,625.

1. NEGLIGENCE OF MASTER—ORDINARY CARE.

It is error to instruct a jury that it is the duty of the master to provide reasonably safe appliances, tools, or working places for his servants, or to keep them in a reasonably safe condition of repair. The limit of the duty of the master is to exercise ordinary and reasonable care, having regard to the hazards of the service, to provide his employés with reasonably safe appliances, machinery, tools, and working places, and to exercise ordinary and reasonable care to keep them in a reasonably safe condition of repair.[1]

2. ERROR—PREJUDICE PRESUMED FROM.

The legal presumption is that error produces prejudice. It is only when it appears beyond all doubt from the record that the error complained of did not prejudice and could not have prejudiced the complaining party that the rule that error without prejudice is no ground for reversal is applicable.

3. ERROR WITHOUT PREJUDICE.

Where the court rightly charges the jury, on the conceded facts, that the master was negligent, as a matter of law, an erroneous charge relative to the degree of care required of the master appears beyond all doubt to be error without prejudice, because no question of the negligence of the master was submitted to the jury for their determination.

4. MASTER AND SERVANT—DUTY OF SERVANT—ASSUMPTION OF RISK.

The servant assumes all the ordinary risks of the employment which are known to him, and which would have been known, by the exercise of ordinary care, to a person of reasonable prudence and diligence in his situation. It is his duty to exercise ordinary care and diligence to observe and become cognizant of obvious defects in the machinery and

---

[1] Duty of railroad company to furnish safe appliances, see note to Felton v. Bullard, 37 C. C. A. 8.

working place; and he is chargeable with a knowledge and assumption of the risk of all such defects which are known to him, or which would have been known by the use of ordinary care to a person of reasonable prudence and diligence in his situation.[2]

5. VERDICT—SUFFICIENCY OF EVIDENCE—INSPECTION.

The court may not reverse a judgment because there was no evidence to support a finding of fact by a jury based upon testimony and an ocular inspection of machinery, a knowledge of the defects of which is in issue, because the evidence derived from the inspection is not, and cannot be, presented to the appellate court for consideration.

6. NEGLIGENCE—CONCURRENCE OF THIRD PARTY NO EXCUSE FOR.

One is liable for an injury caused by the concurring negligence of himself and a third party to the same extent as for one caused entirely by his own negligence.

7. INJURY TO EMPLOYE—NEGLIGENCE—FAILURE TO PROVIDE BRAKES.

The failure to provide an ordinary road engine with brakes, in the absence of evidence excusing it, is, as a matter of law, evidence of the want of reasonable care to provide a reasonably safe locomotive engine to operate upon a railroad.

8. SAME—PROXIMATE CAUSE OF COLLISION—ABSENCE OF BRAKES ON ENGINE MAY BE.

Collisions and accidents may be reasonably anticipated as the natural and probable consequence of the failure to provide brakes to control the movements of road engines.

9. SAME—CONTRIBUTORY NEGLIGENCE—ASSUMPTION OF KNOWN RISKS.

Contributory negligence regarding, or assumption by a servant of, known risks, will not constitute contributory negligence regarding, or the assumption of, an unknown risk, nor a defense for the master whose negligence produces it. A servant knew and assumed the risks of running an engine backward, tender foremost, in the night, without any light or employe on the forward end of the tender. *Held*, that his contributory negligence and assumption of risks in this regard constituted no defense to his action against the master for negligence in failing to supply the engine with brakes, where he did not know, and a person of reasonable prudence and discretion, exercising ordinary care, would not, in his situation, have known, of the absence of the brakes.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

In the early morning of October 30, 1900, while it was yet dark, a road engine of the Choctaw, Oklahoma & Gulf Railroad Company collided with a horse which was caught in a trestle as the engine was backing, tender foremost, from Brinkley to Hulbert, and injured Will Holloway, the defendant in error. There was no light on the forward end of the tender, and no employe there to warn of danger. There was no brake on the engine, although there was a brake upon the tender. Holloway was a fireman working on the engine. He was aware of the darkness of the night, of the absence of a light and of an employe upon the end of the tender, but he insisted that he did not know that there was no brake upon the engine. He sued the company for negligence, in that it failed to supply the engine with a proper brake; alleged that the accident would not have occurred if such a brake had been provided, and that through its absence he was caught between the tender and the engine when the air was applied to the brake upon the tender, and seriously injured. The court instructed the jury that if there was no brake upon the engine, and Holloway did not know, and would not by the exercise of reasonable diligence and prudence have known, that the engine was supplied with a brake, and if the absence of the brake caused the accident, the company was liable, and they might return a verdict

[2]Assumption of risk incident to employment, see note to Railroad Co. v. Henneddey, 38 C. C. A. 314.

against it, but that, if there was a failure of proof of either of these facts, their verdict must be for the defendant. This instruction, and the refusal of the court to instruct the jury to return a verdict for the defendant, are the principal errors assigned by the company, although many others are specified.

E. B. Peirce and C. B. Stuart (J. W. McLoud, on the brief), for plaintiff in error.

J. W. House (M. House, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge, after stating the case as above, delivered the opinion of the court.

Actionable negligence is a breach of duty. Where there is no breach of duty, there is no negligence, and there can be no recovery. It is not the duty of the master to furnish his servants with reasonably safe appliances, machinery, tools, or working places, or to keep them in a reasonably safe condition of repair. His failure to do so is not the breach of any duty, and it furnishes no basis for an action of negligence. The limit of his duty here is to exercise ordinary and reasonable care, having regard to the hazards of the service, to provide his employés with reasonably safe appliances, machinery, tools, and working places, and to exercise ordinary and reasonable care to keep them in a reasonably safe condition of repair. Railway Co. v. Jarvi, 3 C. C. A. 433, 435, 436, 53 Fed. 65, 67, 68; Gowen v. Harley, 6 C. C. A. 190, 197, 56 Fed. 973, 980; Railway Co. v. Linney, 7 C. C. A. 656, 660, 59 Fed. 45, 48; Railway Co. v. Needham, 69 Fed. 823, 825, 16 C. C. A. 457, 459; Railroad Co. v. Johnson, 81 Fed. 679, 680, 27 C. C. A. 367, 368; Railroad Co. v. Myers, 11 C. C. A. 439, 63 Fed. 793; Id., 22 C. C. A. 269, 76 Fed. 443. A servant may assume that his master has discharged this duty, unless he knows, or by the exercise of reasonable care he would have known, that the duty had not been discharged, and that there were defects in the machinery and appliances with which, or in the place in which, he undertakes to work. On the other hand, the servant assumes all the ordinary risks and dangers of the employment upon which he enters, so far as they are known to him, and so far as they would have been known to a person of ordinary prudence and care by the exercise of ordinary diligence. He is not required to search for latent defects or hidden dangers, but it is his duty to exercise reasonable diligence to observe and be cognizant of all obvious defects in the machinery and appliances with which he is working; and he assumes the risks and dangers of all such defects of which he has knowledge, and of which he would have had knowledge by the exercise of ordinary care and diligence. Manufacturing Co. v. Erickson, 55 Fed. 943, 946, 5 C. C. A. 341, 344; Fordyce v. Edwards, 60 Ark. 438, 442, 30 S. W. 758; Anderson v. Railway Co., 39 Minn. 523, 41 N. W. 104; Railroad Co. v. Leverett, 48 Ark. 347, 3 S. W. 50, 3 Am. St. Rep. 230; Wormell v. Railroad Co., 79 Me. 405, 10 Atl. 49, 1 Am. St. Rep. 321; Way v. Railroad Co., 40 Iowa, 341; Batterson v. Railway, 53 Mich. 125, 18 N. W. 584; Illick v. Railway Co., 67 Mich. 632, 35 N. W. 708; Morton v. Railroad Co., 81 Mich. 435, 46 N. W. 111.

The plaintiff in this case alleged that his injury was caused by the

failure of the railroad company to provide the engine upon which he was working as fireman with suitable brakes to arrest its motion when occasion required. The court charged the jury that if there was no brake upon the engine, if the absence of the brake caused the injury, and if the plaintiff was not aware of the fact that the engine was not provided with a brake, and if a person of ordinary prudence, exercising reasonable care, would not, under the circumstances of this case, have been aware of this fact, they might render a verdict against the company. It is contended that this charge was erroneous, (1) because there was no substantial evidence to warrant the finding of the jury that the plaintiff did not know, or by the exercise of ordinary care would not have known, of the absence of the brake; (2) because there was no substantial evidence to warrant their finding that the injury could have been avoided by the presence of the brake upon the engine; and (3) because there was no substantial evidence to warrant the finding that the absence of the brake was the proximate cause of the injury. A careful and painstaking examination of the testimony has satisfied us, however, that this position cannot be sustained. The plaintiff testifies that he was not aware that the engine was not furnished with a brake. Another witness, who was employed about the engine as a brakeman for some time, demonstrates by his testimony that he did not know whether there was a brake on the engine or not; and the jury made an ocular inspection of an engine of the same character as that upon which the accident occurred, for the express purpose of determining this question, and they found this issue in favor of the plaintiff. The knowledge upon this question which an inspection of the engine conveyed to the minds of the jurors is not, and cannot be, presented to this court by the record; and we cannot undertake to say that all reasonable men, with the testimony and the knowledge which this jury lawfully acquired, would necessarily come to a conclusion contrary to that which these jurors have reached. McReynolds v. Railway Co., 14 Am. & Eng. R. R. Cas. 172, 174; Railroad Co. v. Hopkins, 90 Ill. 323

Upon the question whether or not the engine could have been stopped after knowledge of the presence of the horse in the trestle in time to prevent the accident, the testimony was not so clear that it was the duty of the court to withdraw this issue from the jury. Nor can it be properly said, as a matter of law, that the absence of this brake was not the proximate cause of the injury. It is undoubtedly true that one of the proximate causes of the accident was the negligence of the party who permitted the horse to stray into the trestle. But if the injury would not have been inflicted if there had been a brake upon the engine, it cannot be truthfully said that the absence of this brake was not another of the proximate causes of the damage, inasmuch as the accident would not have happened if the brake had been provided. If it be true, as the jury have found, that no injury would have been inflicted upon the plaintiff if this engine had been provided with a brake, it is no defense for the railroad company that the concurring negligence of the owner of the horse contributed to the infliction of the injury. One is liable for an injury caused by the concurring negligence of himself and a third party to the same extent

as for one caused entirely by his own negligence. It is no defense for a wrongdoer that a third party shared the guilt of the same wrongful act, nor can he escape liability for the damages he has caused on the ground that the wrongful act of a third party contributed to the injury. Railway Co. v. Callaghan, 12 U. S. App. 541, 56 Fed. 988, 6 C. C. A. 205; Railway Co. v. Sutton, 27 U. S. App. 310, 312, 63 Fed. 394, 395, 11 C. C. A. 251–253; Railway Co. v. Chambers, 68 Fed. 148, 153, 15 C. C. A. 327, 332; Railway Co. v. Needham, 69 Fed. 823, 824, 16 C. C. A. 457, 458; Railroad Co. v. Cummings, 106 U. S. 700, 702, 1 Sup. Ct. 493, 27 L. Ed. 266; Harriman v. Railway Co., 45 Ohio St. 11, 32, 12 N. E. 451, 4 Am. St. Rep. 507; Lane v. Atlantic Works, 111 Mass. 136; Griffin v. Railroad Co., 148 Mass. 143, 145, 19 N. E. 166, 1 L. R. A. 698, 12 Am. St. Rep. 526; Cayzer v. Taylor, 10 Gray, 274, 69 Am. Dec. 317; Elmer v. Locke, 135 Mass. 575; Booth v. Railroad Co., 73 N. Y. 38, 29 Am. Rep. 97; Cone v. Railroad Co., 81 N. Y. 206, 37 Am. Rep. 491.

Nor does the absence of brakes from this engine fall without the legal definition of the proximate cause of the injury which the plaintiff suffered. An injury that is the natural and probable consequence of an act of negligence is actionable, while one that could not have been foreseen nor reasonably anticipated as the probable result of such an act cannot be made the basis of an action for damages. The purpose of brakes upon engines and cars is to quickly arrest their speedy motion, and to prevent collisions and accidents. The natural and probable consequences of their absence from machines as powerful and as rapid in their movements as locomotive engines are the collisions and accidents which it is the purpose of their use to avoid. From the failure to provide this engine with proper brakes to arrest its motion, the accident and injury which resulted, or others of like character, might well have been anticipated as probable consequences; and the evidence in the record is ample to sustain the finding of the jury that the injury to the plaintiff was caused by that absence. The very fact that it is the common—the almost universal—practice to provide locomotive engines with brakes for the purpose of controlling their movements, and preventing accidents and collisions, is very persuasive, if not conclusive, evidence that such disasters may be reasonably anticipated as and are the probable consequences of their absence. Railway Co. v. Elliott, 55 Fed. 949, 5 C. C. A. 347, 20 L. R. A. 582; Railway Co. v. Kellogg, 94 U. S. 469, 475, 24 L. Ed. 256.

It is assigned as error that the court instructed the jury that the failure of the company to provide this engine with brakes was actionable negligence, for which the defendant was liable. But this specification is untenable. Actionable negligence in this case was the failure of the railroad company to exercise reasonable care to provide a reasonably safe engine for operation upon this railroad. The plaintiff testified that he had never worked upon an engine before which was not provided with a brake, although he had been in the employment of railroad companies for some years. The knowledge that it is the usual practice to provide road engines with brakes to control and arrest their motion is so common and general that courts cannot assume to be ignorant of it. Courts take judicial notice of

business customs and practices which form a part of the common knowledge of the people of the country. Brown v. Piper, 91 U. S. 37, 42, 23 L. Ed. 200; 1 Greenl. Ev. 11. There may be, and probably are, circumstances under which the absence of a brake from an operating engine would not constitute a want of reasonable care to provide a reasonably safe locomotive for the purpose to which its use is applied. This might be true of an engine employed in a yard for switching purposes. It might be true under many circumstances which could be shown by evidence. But in the case at bar the defective engine was a road engine, employed in the usual service of moving loaded trains along the railroad. There was no evidence of any circumstances tending to excuse the failure to supply it with the ordinary appliances used to control the movements of such engines. This, then, was the case presented to the court below: Railroad companies ordinarily provide their road engines with brakes. The exercise of ordinary and reasonable care induces carriers to equip their road engines in this way. The purpose of the exercise of this care is to prevent accidents and collisions. Such accidents and collisions are the natural and probable consequences of a failure to exercise this care. The conclusion was inevitable that the failure to provide this road engine with brakes, in the absence of any evidence excusing it, was a failure to exercise ordinary care to provide a reasonably safe engine for operation upon this railroad. And the charge of the court that the defendant was liable for any injury which resulted from the failure to provide the brakes is sustained by the evidence, the law, and the reason of the case.

It is assigned as error that the court refused to instruct the jury that a servant is bound to take reasonable care and make reasonable effort to discover any dangers and defects in the place and machinery in which and with which he is to work; that, the greater the risk which attends the work to be done and the machinery to be used, the more imperative is the obligation resting upon him; and that if the plaintiff could, by using ordinary care and diligence, have informed himself of the condition of the engine, as to brakes, and if he failed to do so, and an ordinarily prudent man, under like circumstances, would have done so, his failure to take such precautions was negligence, and would bar his recovery in the case. The rules which measured the respective liabilities of the plaintiff and the defendant in this case have been stated at the opening of this opinion. So far as this requested instruction conforms to those rules, it was given in the general charge of the court; and, so far as it does not conform to them, it was erroneous, and should not have been given. The court charged the jury that if the engine was without brakes, and this fact was unknown to the plaintiff, "and could not have been known to him by the exercise of reasonable diligence, under the circumstances of the case as shown by the evidence," the company might be liable; and, when the entire charge is carefully read, nothing inconsistent with this declaration can be found in it. There was no error in the refusal of the court to give the requests under consideration, in view of the general charge, which presented to the jury all the sound propositions of law stated therein.

Another specification of error is that the court refused to instruct the jury that if the plaintiff was guilty of negligence in riding on an engine backing with the tender foremost in the dark, without a light upon the forward end of the tender, he could not recover. But there was no error in this refusal. The plaintiff could not recover for the negligence of the company in running this engine backward in the night without a light upon the forward end of the tender, because the plaintiff was aware of this negligence, and assumed the risk of it. But he did not know that the engine upon which he was riding was not provided with brakes. The exercise of ordinary care by the defendant would have equipped it with these appliances. He had the right to assume that the defendant had exercised this care. He did undoubtedly indulge in that assumption. The jury have found that the absence of the brakes was not an obvious defect,—not a defect which a person of ordinary prudence, exercising reasonable care, would have discovered under the circumstances of this case. As he was ignorant of the absence of the brakes, he did not assume the risk of that absence; and his assumption of the risk of riding upon an engine and tender in the night, with a headlight upon its forward end, was not an assumption of the risk of operating this engine without brakes. His negligence regarding, or his assumption of, the former risks, was neither such contributory negligence regarding, nor such an assumption of, the latter risk, as bars him from a recovery for the negligence of the defendant producing it. A servant may not assume a risk, or be guilty of contributory negligence in exposing himself to a risk, of which he is ignorant, and of which an ordinarily prudent person would not have been aware by the exercise of ordinary care and diligence. Manufacturing Co. v. Erickson, 55 Fed. 943, 948, 949, 5 C. C. A. 341, 346; O'Neill v. Railway Co. (Neb.) 86 N. W. 1098; Railway Co. v. Keegan, 87 Fed. 849, 852, 31 C. C. A. 255, 258.

Counsel for the defendant also complain that, when the jury were sent to inspect the engine, the court instructed them to "go inside, and try to put themselves only in the same place that the fireman would naturally occupy, and then, occupying that place, to determine whether the wheels of the engine on which the brakes would be could be seen from there, without looking for them, while a man was employed for several hours doing work on the engine as a fireman; that is to say, whether he could easily see them by just keeping his eyes open." If this excerpt from the instructions of the court had been all that was said to the jury on this subject, it might have been erroneous. But it was followed with the direction that "a man cannot shut his eyes, and say he don't want to see anything which a reasonable man could not help but see if he kept his eyes open," and that "if the fact that there were not any brake shoes on that engine was obvious to any reasonably prudent man who runs on it as a fireman for several hours, as the evidence shows that this plaintiff did for six hours, from Hulbert to Brinkley, before he went back again before the accident happened, that is perfectly obvious to a man who is fireman and traveling for six hours without hunting for it, then the court will tell you that he had knowledge of, and ought to have known of, it, and he is chargeable with it as if he had known it," and that "if in getting off and on and

working and firing for six hours as any reasonably prudent person would have noticed it, then you are to consider that fact. If, on the other hand, a man could not have noticed it, who was a fireman, by getting on and off, and then attending to his duty and business, as the evidence shows plaintiff is, you may reach another conclusion." Excerpts from a charge cannot be wrested from their connection and relation, and fairly criticised. The entire charge upon a given subject must be taken together, and if, when so read, it conforms to the law, no just objection to it can be urged. When the instruction of the court upon the duty of the jury in inspecting this engine is so read, it will be found to be in accordance with the established rules of law which control this case, and which are stated in the opening of this opinion. There was no error in the instruction of the court upon this subject.

It is assigned as error that the court repeatedly instructed the jury that it was the duty of the company to furnish its servants with reasonably safe machinery and a reasonably safe working place. This instruction was a patent and unquestionable error. It has been so declared by this court repeatedly, from Railway Co. v. Jarvi, 3 C. C. A. 433, 435, 436, 53 Fed. 65, 67, 68, decided in 1892, through Gowen v Harley, 6 C. C. A. 190, 197, 56 Fed. 973, 980, Railway Co. v. Linney, 7 C. C. A. 656, 660, 59 Fed. 45, 48, Railway Co. v. Needham, 69 Fed. 823, 825, 16 C. C. A. 457, 459, to and including Lesser Cotton Co. v. St. Louis, I. M. & S. Ry. Co., 114 Fed. 133, decided in 1902. The limit of the duty of the master to the servant in the matter of place of service. of machinery, and of appliances, is to exercise ordinary care to furnish him with a reasonably safe place and reasonably safe appliances, and to use ordinary care to keep the place and the appliances in a reasonably safe condition. Moreover, the presumption is that error produces prejudice. It is only when it appears so clear as to be beyond doubt that the error challenged did not prejudice, and could not have prejudiced, the complaining party, that the rule that error without prejudice is no ground for reversal is applicable. Association v. Shryock, 20 C. C. A. 3, 11, 73 Fed. 774, 781; Railway Co. v. McClurg, 8 C. C. A. 322, 325, 326, 59 Fed. 860, 863; Deery v. Cray, 5 Wall. 795, 807, 808, 18 L. Ed. 653; Smiths v. Shoemaker, 17 Wall. 630, 639, 21 L. Ed. 717; Moores v. Bank, 104 U. S. 625, 630, 26 L. Ed. 870; Gilmer v. Higley, 110 U. S. 47, 50, 3 Sup. Ct. 471, 28 L. Ed. 62; Railroad Co. v. O'Brien, 119 U. S. 99, 103, 7 Sup. Ct. 118, 172, 30 L. Ed. 299; Mexia v. Oliver, 148 U. S. 664, 673, 13 Sup. Ct. 754, 37 L. Ed. 602; Railroad Co. v. O'Reilly, 158 U. S. 334, 337, 15 Sup. Ct. 830, 39 L. Ed. 1006; Peck v. Heurich, 167 U. S. 624, 629, 17 Sup. Ct. 927, 42 L. Ed. 302. But in the case at bar the record makes it clear beyond all doubt that this error did not prejudice, and could not have prejudiced, the railroad company, because no question concerning its duty or its negligence was left to the jury to consider by the charge of the court. The railroad company conceded that there were no brakes upon the engine. The absence of brakes upon this road engine, in the absence of any evidence excusing it, was conclusive evidence, as a matter of law, of the lack of ordinary care to provide reasonably safe machinery to operate this railroad. The court clearly and pos-

114 F.—30

itively instructed the jury to this effect. It instructed them that the railroad company was liable for any injury that was caused by the failure to supply this engine with brakes, unless the plaintiff knew and assumed the risk of their absence. This left the jury nothing to consider relative to the care or the negligence of the company, and limited the issues they were to determine to the questions whether or not the absence of the brakes was the proximate cause of the injury, and whether or not the plaintiff knew, or ought to have known, and hence assumed the risk, of this absence. As there was no question of the care or negligence of the company submitted to the jury, it conclusively appears beyond all doubt that the erroneous charge upon that subject could not have prejudiced the defendant, and error without prejudice is no ground for reversal.

There are other specifications of error which have not been recited in detail. They have all been carefully considered. So far as they present any debatable question, they have been disposed of by the rules and principles to which we have adverted, and the discussion in which we have already indulged. Suffice it to say that a patient and painstaking review of all the evidence, of the charge of the court, and of all the assignments of error, has led us to the conclusion that this case was fairly and impartially tried, and that the rulings and charge of the court were free from prejudicial error. The judgment below must therefore be affirmed, and it is so ordered.

THAYER, Circuit Judge. I concur in the order affirming the judgment below for the reasons stated in the foregoing opinion, but I would not be understood as concurring in the broad statement, which the opinion contains, that a servant "assumes the risks and dangers of all * * * defects [in machinery and appliances] of which he has knowledge, and of which he would have had knowledge by the exercise of ordinary care and diligence." Nor do I think that such a broad statement of the law is necessary to a correct decision of the case. It is well settled that a servant who uses machinery, tools, or appliances known to be defective, but, in pursuance of a promise by the master that they will be repaired, does not assume the risk of injury, but may recover if hurt, excepting where the risk of injury is so imminent that a prudent person would not have used them at all. And I conceive that there may be other exceptions to the rule. Hough v. Railway Co., 100 U. S. 213, 225, 25 L. Ed. 612, and cases cited; Mining Co. v. Fullerton, 16 C. C. A. 545, 549, 69 Fed. 923. See, also, Southern Pac. Co. v. Yeargin, 48 C. C. A. 497, 109 Fed. 436, 441.

CALDWELL, Circuit Judge, joins in the views expressed in this concurrence.