CHOCTAW, OKLAHOMA & GULF RAILROAD COMPANY
*v.* HOLLOWAY.

ERROR TO THE UNITED STATES CIRCUIT COURT OF APPEALS FOR
THE EIGHTH CIRCUIT.

No. 68. Submitted November 10, 1903.—Decided November 30, 1903.

If an employé can by the use of his eyes see that the machinery is defective he is bound by that fact, even though he has not actually observed the defect; but a fireman who has only been six hours on an engine is not bound to have made a careful examination of the engine, in order to charge the company with negligence or to exonerate himself from contributory negligence.

There is no necessity for the court to call the attention of the jury to the rule that a railroad company is only bound to exercise reasonable care to supply a reasonably safe engine, when it appears from uncontradicted evidence that the engine supplied was not equipped with brakes under circumstances which made the omission *prima facie* evidence of negligence.

Where the company has negligently failed to equip an engine with brakes and it is derailed by striking an obstacle which was on the track without

negligence of the company, and there is evidence that the engine could have been stopped more quickly with than without brakes, it is for the jury to say whether there would have been an accident had the brakes been on and fit to use ; and if the obstacle caused the necessity for brakes the neglect of the company to furnish them constitutes the immediate and proximate cause of the accident rather than the existence of the obstacle.

THE facts are stated in the opinion.

*Mr. Edward B. Peirce* for plaintiff in error.

*Mr. John W. Blackwood* for defendant in error.

MR. JUSTICE PECKHAM delivered the opinion of the court.

Holloway, the plaintiff below, brought this action in a state court of Arkansas, against the railroad company, to recover damages for personal injuries alleged by him to have been sustained through the negligence of the company while he was in its employ and acting as fireman on one of its engines. The action was removed into the United States Circuit Court in Arkansas, on account of the company being incorporated under an act of Congress.

Upon the trial the jury found a verdict for the plaintiff, and upon writ of error from the Circuit Court of Appeals the judgment entered upon the verdict was affirmed, 114 Fed. Rep. 458, and the company has brought the case here for review.

The amended complaint alleged that the plaintiff was on October 27, 1900, in the employ of the defendant company as a fireman, and that on the night of October 31, 1900, while he was so engaged, the engineer of the engine on which he was employed received orders from his superior officer, directing him to back up his engine, (consisting of an engine and tank or tender,) from Brinkley east to Hulbert, a distance of about sixty miles, and that upon receiving the orders the engineer and the plaintiff requested that they be permitted to reverse or turn the engine so that the headlight would be in front and

the tender or tank in the rear, and they would thereby be enabled to run the same with greater safety, but this request was refused, and they were directed as stated; that, in obedience to the orders, they left Brinkley about 11 o'clock at night, and continued to run the engine backward until it reached a trestle about thirteen miles east of Brinkley, when they ran upon and collided with a horse upon the said trestle, without fault upon their part, and the switch engine was derailed and plaintiff caught between the tank or tender and the engine, and seriously and permanently injured.

One ground upon which negligence of the defendant was founded was, as alleged in the complaint, the bad condition of the brakes on the engine, which it was alleged were not in a condition to work; that the same were out of repair, and that there were no brake shoes on the brakes of the engine, and as a consequence the engine brakes could not be worked, and therefore when the engineer discovered the horse on the track and applied the air brakes, those on the wheels of the tank or tender were successfully applied, while on account of the absence of shoe brakes on the engine, the brakes could not be worked, and the effect of applying the air brakes was to stop the tank or tender without having any effect on the engine, and the engine was therefore forced with all its weight and momentum against the tank or tender, thereby breaking the cast-iron connection between the engine and tank or tender and bringing the ends of the engine and tank close together, and as the plaintiff was attempting to escape by going out between the ends of the engine and tank he was caught between the same and thereby injured; that he had only been on the engine for a few hours and knew nothing of the dangerous condition of the engine brakes.

These various allegations of the ignorance of the plaintiff and of orders given to back the engine were denied by the defendant. The company averred that the engine had no brakes whatever on it, and that the brakes on the tender or tank were in good working condition, and it denied that it was

in anywise guilty of negligence which caused the injury. It also averred that if the defendant sustained any injury it was due to his own carelessness or negligence, and was the result of a risk assumed by him for which the defendant was not liable.

The chief defence was founded on the allegation that the defendant assumed whatever risk there was in his occupation of fireman on the engine in question, and that he in fact knew perfectly well that the engine had no brakes, and that he could not but have observed that fact on a ride of fifty or sixty miles, which he had taken on the engine prior to going out on it the evening in question.

The plaintiff, however, swore distinctly that he did not know of the absence of brakes on the engine. By the consent of the parties, the jury viewed the locomotive, and the court gave the jury instructions in relation to that matter, and told them that in examining the engine—

"You will go inside and try to put yourselves only in the same place that the fireman would naturally occupy, and then, occupying that place, you are to determine whether the wheels of the engine on which the brakes would be can be seen from there without looking for them, while a man is employed for several hours doing work on the engine as a fireman—that is, whether he could easily see them by just keeping his eyes open."

And the court also stated:

"A man cannot shut his eyes and say he don't want to see anything which a reasonable man could not help but see if he keeps his eyes open.

"Now, if for that reason—that is, if the fact that there were not any brake shoes on that engine was obvious to any reasonably prudent man who runs on it as a fireman for several hours, as the evidence shows that plaintiff did for six hours, from Hulbert to Brinkley, before he went back again before the accident happened, that is perfectly obvious to a man who is fireman and traveling for six hours, (without hunting for it,)

then the court will tell you that he had knowledge of, and ought to have known it, and he is chargeable with it as if he had known it."

Taking the whole charge together upon the subject of the knowledge by the plaintiff of the absence of brakes on the engine, we think there was no error in the judge's charge. It amounted simply to a direction to the jury that the man was bound to use his eyes, and if by their use he could see that the machinery was defective, he was bound by that fact, even though in truth he had not observed it, but that he was not bound to make a careful examination of every particle of an engine upon which he was fireman in order to charge the defendant with negligence or to exonerate himself from the charge of contributory negligence. See *Choctaw, O. & G. R. R. Co.* v. *McDade, ante* 64.

Upon the subject of the duty of the defendant to furnish safe machinery, the court said:

"By the laws of the country the defendant was bound to furnish its employés working tools which were reasonably safe and a place to work in which was reasonably safe. If it does that, then it has discharged its duty, and in case of accident to one of its employés it is not liable for the injuries sustained by him."

Freed from the surrounding facts, and viewed simply as an abstract proposition, it might be maintained that the court erred in its charge that the company was bound to furnish its employés working tools which were reasonably safe and a place to work in which was reasonably safe, and when it has done that it has discharged its duty. The charge left out the condition that an employer is only bound to take ordinary and reasonable care, as applied to the circumstances under which the liability arises, to furnish reasonably safe appliances and machinery. *Hough* v. *Railway Co.,* 100 U. S. 213, 218; *Union Pacific Railway Co.* v. *O'Brien,* 161 U. S. 451. But the fact that the company had failed to supply such a machine because of the absence of brakes had been fully proved by uncontradicted

evidence, and, indeed, was conceded by the company. The circumstances, unexplained, were such as to make the omission to furnish a brake for the engine *prima facie* negligence on the part of the company. It was unexplained by any evidence, and remained as a fact proving negligence. There was no occasion, therefore, to call attention to the fact that the company was only bound to exercise reasonable care to supply a reasonably safe engine, because the uncontradicted facts showed it had not furnished such an one, and there was no evidence that it had exercised ordinary or reasonable care to furnish it, but on the contrary there was evidence to show that it had not, and it was unexplained and uncontradicted. The failure of the court to call the attention of the jury to this limitation of liability was unimportant because of the evidence already given, which showed the defendant had not complied with the limitation.

It is insisted, however, on the part of the defendant, that the court erred in not holding that the absence of brakes on the engine was not the proximate cause of the injury; that the presence of the horse on the trestle was the proximate cause of derailing the tender and engine, and that the company was not guilty of any negligence by reason of which the horse came upon the trestle.

We think this claim is unfounded, and that the proximate cause of the injury within the meaning of the law was the absence of the brakes on the engine. At any rate, there was evidence which made it a question for the jury to say whether the accident would have happened if there had been brakes on the engine in good order and fit for use.

It may be assumed that there was no negligence on the part of the defendant by reason of which the horse came upon the trestle, and that it was not, therefore, responsible for any damage of which the horse was the sole and proximate cause. We think one proximate cause of the accident was the absence of the engine brakes. The purpose of a brake is to stop the engine more promptly than can be done without it, and

if there had been a brake on the engine it would, if used, have probably prevented the accident.   At any rate, there was evidence to that effect.   The absence of a brake which, if present, would have prevented the accident was, therefore, a proximate cause thereof.   If an obstacle on the track which necessitates the using of the brake is to be regarded as the sole proximate cause of an accident which occurs only because there was no brake on the engine, the result would be that the company would never be liable, no matter what its negligence in not providing effective brakes, so long as its own negligence did not cause the presence of the obstacle on the track.   This cannot be true.

The obstacle is one of the things which caused the necessity to use the brake, and it is the neglect of the company in not furnishing the brake which constitutes an immediate and proxmate cause of the injury.

The finding of the jury under the instructions of the judge must be regarded as finding that the accident would not have occurred if there had been a brake on the engine.

These are the principal objections to the judgment under review.   The other matters appearing in the record we have examined but do not find that they are of sufficient importance to require any further notice.   The judgment of the Circuit Court of Appeals for the Eighth Circuit is, therefore,

*Affirmed.*