## WABASH R. CO. v. KITHCART.

(Circuit Court of Appeals, Eighth Circuit. November 21, 1906.)

No. 2,357.

1. MASTER AND SERVANT—INJURIES TO SERVANT—BRAKEMAN—PETITION—ALLEGATIONS OF NEGLIGENCE.

In an action for injuries, plaintiff, a brakeman, alleged that in complying with the orders of his superior he was compelled, by reason of a defective coupling rod, to step between the cars in order to uncouple them, and while doing so his foot was caught in an open unblocked frog in the track; that the injury was occasioned because of the negligent and careless construction of defendant's track in failing to properly block the frog, and that the accident was solely caused by reason of defendant's negligence in failing to properly construct and maintain its track at the point of the accident. Held, that the petition was insufficient to raise an issue of negligence in maintaining a defective coupling appliance.

2. SAME—NEGLIGENCE—UNBLOCKED FROGS.

Where, in an action for injuries to a brakeman by his foot becoming caught in an unblocked frog, there was undisputed proof that on some of the railroad systems in the state and elsewhere it was customary to leave frogs unblocked, and on others to block them, and the frogs on some parts of defendant's lines were blocked and on others not, and also that there was a fair difference of opinion among practical railroad men as to which was the safer practice, defendant's failure to block the frog in question did not constitute actionable negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 221.]

In Error to the Circuit Court of the United States for the Southern District of Iowa.

James P. Hewitt (Geo. S. Grover and Carr, Hewitt, Parker & Wright, on the brief), for plaintiff in error.

Hallordn & Starkey and Thomas A. Cheshire, for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge. Kithcart recovered a judgment against the railroad company for personal injuries sustained in the state of Iowa while in its service and in the performance of his duties as a brakeman. The averments of negligence in his petition are contained in the following paragraphs:

"That in complying with the said orders of his said superior officer, he was compelled, by reason of a defective coupling rod, to step between the cars in order to uncouple the same, and while between the said cars, in the act of uncoupling the same, his foot was caught and held fast in an open or unblocked frog or guard rail in and on the track of the defendant company. "That said accident and injury was occasioned the plaintiff because of the negligent and careless construction by the defendant company of its track, in failing to properly block the said frog or guard rail of the switch, located at the point and place of the happening of said accident.

"That said accident occurred solely by reason of the carelessness and negligence of the defendant company, as stated above, in failing to properly construct and maintain its said track at said point of said accident, and the plaintiff was wholly free from contributing in any degree whatever to the same by reason of any negligent or careless acts upon his part."

At the conclusion of the evidence the court denied a request of the railroad company for a directed verdict in its favor, and also refused to give an instruction that there could be no recovery because of a defective coupling rod as a ground of negligence. On the contrary, the court instructed the jury that there were two charges of negligence in the petition, upon either of which a recovery might be had if the evidence warranted it—first, a defective coupling appliance, and, second, a failure to block the frog. In this the court erred. The petition does not charge the defective condition of the coupling appliance as a substantive ground of negligence. The first of the paragraphs quoted from the petition is not an assertion of negligence on the part of the company. It merely sets forth a reason why the plaintiff went between the moving cars, and its purpose was to relieve him from the charge of contributory negligence. Morris v. Railway, 47 C. C. A. 661, 108 Fed. 747. This is manifest, because there is nothing more in the averment than a bare statement that a coupling rod was defective. It is not averred that the company was in any wise negligent in respect thereof, and for aught that appears the company may have been most diligent in the performance of its duties of inspection and maintenance. The purpose of the pleader not to rely upon the defect except as mere inducement to plaintiff's action in going between the cars is further shown by his failure to aver either that the cars were employed in interstate commerce, so that the act of Congress in respect of safety appliances would apply, or that they were employed in commerce within the state, so that a statute of Iowa upon the same subject could be invoked. Moreover, the evidence received during the trial went no further than to show the bare fact that the safety appliances were defective. The other paragraphs of the petition afford further proof, if any is needed, that the plaintiff rested his case solely upon a charge of negligence in respect of the condition of the track. In the second of those quoted he directly charges that the accident and the injury were occasioned because of the failure to properly block the frog or guard rail of the switch, and in the third he says that the accident occurred solely by reason of negligence in failing to properly construct and maintain its track at the point of the accident. Counsel endeavor to escape from this obvious conclusion by claiming that such averments were mere "opinions and conclusions of law," and should therefore be wholly disregarded. Were this true (though manifestly it is not), the plaintiff would have a petition stripped of every averment of negligence on the part of the defendant, and his right of recovery would be rested upon inadmissible inferences and presumptions.

As to the failure of the railroad company to block the frog at the switch where the plaintiff was injured: Without recapitulating the testimony of the witnesses, it is sufficient to say that there was undisputed proof that on some of the railroad systems in Iowa and else-

where it was the custom to leave frogs unblocked, and on others it was the custom to block them. The frogs on some parts of the defendant's lines of road were blocked, and on others not blocked. The particular frog in which plaintiff's foot was caught had never been blocked. The evidence also showed that there was a fair difference of opinion among practical railroad men as to which was the safer practice. The case was therefore brought fully within the rule announced by the Supreme Court and by this court in Southern Pacific R. Co. v. Seley, 152 U. S. 145, 14 Sup. Ct. 530, 38 L. Ed. 391; Morris v. Railway, 47 C. C. A. 661, 108 Fed. 747; Kilpatrick v. Railroad, 57 C. C. A. 255, 121 Fed. 11, affirmed by the Supreme Court in 195 U. S. 624, 25 Sup. Ct. 789, 49 L. Ed. 349; Gilbert v. Railway, 63 C. C. A. 27, 128 Fed. 529.

When such a diversity of theory and practice in the construction and maintenance of railroads reasonably exists, a company confronted by the problem is at liberty to adopt that course which, in the judgment of its officers, is least productive of danger to all whose safety is to be considered, and its selection of plan or method is not at the risk of being held guilty of negligence. In the Kilpatrick Case the petition charged that the railway company negligently allowed the coupling appliances on the cars to become defective and out of repairs; that because thereof the plaintiff's husband, a brakeman, had to go between the moving cars to uncouple them; that while doing so, and in the exercise of due care, his foot was caught in the unblocked space between a guard rail and a main rail of the track, and he was so injured that death ensued; that the unblocked space was dangerous, and the company was negligent in so maintaining it. At the trial, however, the plaintiff's attorneys stipulated that the failure to block the frog was the proximate cause of the injury, and that plaintiff would rely solely thereon, and not upon the other ground, namely, that the coupling appliances were out of repair. It will at once be perceived that this stipulation reduced the case to the position occupied by the one at bar. At the conclusion of the evidence in that case the trial court directed a verdict for the defendant upon the authority of Southern Pacific R. Co. v. Seley, supra. The judgment which followed was affirmed by the Court of Appeals in the Indian Territory (64 S. W. 560), by this court, and finally by the Supreme Court, all holding that the Seley Case was controlling.

In Union Pacific R. Co. v. James, 6 C. C. A. 217, 56 Fed. 1001, affirmed in 163 U. S. 485, 16 Sup. Ct. 1109, 41 L. Ed. 236, relied on by plaintiff, the principle announced in the Seley Case and in the cases which follow it was not invoked. The sole issue tried was whether a particular frog was blocked or unblocked at the time of the accident, and the trial court assumed in its charge to the jury that the unblocked frog was an unsafe appliance, and constituted negligence in itself. No exception was taken to that feature of the charge, and its correctness was not reviewed by the appellate courts.

The request of the Railroad Company for a directed verdict should therefore have been granted.

The judgment is reversed, and the cause is remanded for a new trial.