DONEGAN v. BALTIMORE & N. Y. RY. CO.

(Circuit Court of Appeals, Second Circuit.  November 16, 1908.)

No. 49.

1. NEGLIGENCE (§ 136*) — PROXIMATE CAUSE OF INJURY—QUESTION OF LAW OR OF FACT.

It is only when the facts are clearly settled and but one inference can possibly be drawn therefrom that the question of proximate cause is one of law.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 292, 300; Dec. Dig. § 136.*]

2. MASTER AND SERVANT (§ 285*)—INJURY TO BRAKEMAN—VIOLATION OF SAFETY APPLIANCE ACT.

Plaintiff was a brakeman on a freight train of defendant's railroad being moved in interstate business, and was directed to cut off the two rear cars while the train was moving slowly and before it reached a certain switch.  The automatic coupler on one of the cars was broken, and plaintiff went between the cars and attempted to pull the pin by hand, but, not

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

succeeding, started out, when his foot caught in an unblocked switch frog and he was injured. *Held*, in an action to recover for the injury, that the question whether the failure of defendant to have the car properly equipped was the proximate cause of the injury, so as to render it liable therefor under the safety appliance act of March 2, 1893, c. 196, § 8, 27 Stat. 532 (U. S. Comp. St. 1901, p. 3176), was, under the evidence, one of fact for the jury, and that it was error for the court to direct a verdict for defendant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1020; Dec. Dig. § 285.*

Duty of railroad companies to furnish safe appliances, see note to Felton v. Bullard, 37 C. C. A. 8.]

3. MASTER AND SERVANT (§ 289*)—INJURY TO BRAKEMAN—CONTRIBUTORY NEGLIGENCE.

In an action by a brakeman against a railroad company to recover for an injury received in attempting to uncouple cars in a moving train, the question of contributory negligence *held*, under the evidence, one for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1089; Dec. Dig. § 289.*]

4. MASTER AND SERVANT (§ 112*)—INJURY TO SERVANT—DEFECTIVE APPLIANCES—UNBLOCKED RAILROAD FROGS.

The use by a railroad company of unblocked frogs in a switchyard does not constitute negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 218, 221; Dec. Dig. § 112.*]

In Error to the Circuit Court of the United States for the Eastern District of New York.

Pinney, Thayer & Van Slyke, for plaintiff in error.

J. Colton and Cravath, Henderson & De Gersdorff (Lyle H. Hall, of counsel), for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge. This was an action to recover damages for personal injuries sustained by the plaintiff while employed by the defendant upon its railroad. The complaint is based both upon the alleged violation by the defendant of the federal safety appliance act (Act March 2, 1893, c. 196, 27 Stat. 531 [U. S. Comp. St. 1901, p. 3174]), and upon the alleged negligence of the defendant. Upon the trial the plaintiff put in his case. The defendant thereupon moved to dismiss the complaint, and the court granted the motion.

Upon this writ of error the ultimate question is whether, viewing the testimony from the standpoint most favorable to the plaintiff, and giving him the benefit of all inferences fairly to be drawn therefrom, a case was presented which should have gone to the jury. There was evidence from which the jury would have been warranted in finding these facts: At the time of the accident, May 24, 1906, the plaintiff was employed as rear brakeman on a freight train which ran daily—starting in the morning—from St. George, Staten Island, in the state of New York, to Cranford Junction, in the state of New Jersey. On the morning in question the train started from St. George as usual, and ran, picking up freight cars at various points, until it

reached the Arlington yard upon Staten Island, where it was rearranged and made up for the run into New Jersey. The train was composed of 35 cars, with a caboose at the rear. As the train approached Cranford Junction the conductor ordered the plaintiff to cut off the two rear cars upon the main track in the Cranford yard. It was necessary that this cut-off should be made before reaching a switch track leading from the main track into the "West Yard," so called, in order that the entrance to such track should not be blocked. As the train drew near the place for making the cut-off it was running at a slow speed—about two miles an hour—and the plaintiff, who was upon the caboose, jumped off and ran forward to cut off the two cars as ordered. He attempted to use the uncoupling device provided—a cut lever—on the front end of the second car, but it would not work, the chain connecting it with the top of the coupling pin being broken. The plaintiff was out of sight of the engineer and other brakemen, and could not signal them to stop the train. He therefore went between the cars and attempted to raise the pin by hand, but failed to do so, and in endeavoring to step out from between the cars caught his foot in an unblocked frog of a switch leading to a turntable, was unable to extricate it, and was pulled down under the wheels, receiving the injuries complained of. The plaintiff knew the location of the turntable switch, but did not know that the frog was unblocked.

Upon these facts it is obvious that the defendant violated the safety appliance act. The car was not equipped with couplers which could be "uncoupled without the necessity of men going between the ends of the cars." The uncoupling device was broken. The defendant's liability for any injury caused by such violation of the statute was absolute, and not dependent in any degree upon its negligence. St. Louis, etc., R. Co. v. Taylor, 210 U. S. 281, 28 Sup. Ct. 616, 52 L. Ed. 1061.

The inquiry, then, is whether this violation of the statute was the proximate cause of the accident. But such a question cannot ordinarily be determined as a matter of law. It is generally the province of the jury to determine the proximate cause of an injury. As said by Mr. Justice Strong in Milwaukee, etc., R. Co. v. Kellogg, 94 U. S. 469, 474, 24 L. Ed. 256:

> "The true rule is that what is the proximate cause of an injury is ordinarily a question for the jury. It is not a question of science or of legal knowledge. It is to be determined as a fact in view of the circumstances of fact attending it."

See, also, Choctaw, etc., R. Co. v. Holloway, 191 U. S. 334, 24 Sup. Ct. 102, 48 L. Ed. 207; Southern Pacific Co. v. Yeargin, 109 Fed. 436, 48 C. C. A. 497; San Francisco, etc.. Co. v. Carlson (C. C. A.) 161 Fed. 859; Missouri, etc., R. Co. v. Byrne, 100 Fed. 359, 40 C. C. A. 402.

It is only when the facts are clearly settled and but one inference is possible to be drawn therefrom that the question of proximate cause is one of law. In the present case the question was essentially one of fact—different conclusions could be drawn from the testimony. It

is true that the direct instrumentality by which the plaintiff was injured was the frog. It was the immediate, but not necessarily the proximate, cause. It was for the jury to determine whether the failure of the defendant to equip the cars with the appliances required by the statute was, in view of all the facts and circumstances, a proximate cause of the accident. Had the car been properly equipped, there would have been no occasion for the plaintiff to go into a place of danger. We cannot say that the jury would not have been warranted in finding that the accident would never have occurred had the car been equipped with the statutory appliances, and, consequently, that the failure to have such appliances was a proximate cause of the plaintiff's injuries.

The trial court ruled as a matter of law that the violation of the statute was not a proximate cause of the accident, and in so ruling erred. This error necessitates a new trial, and the consideration of the other questions raised may be unnecessary. As, however, the same questions will undoubtedly arise upon another trial, it seems desirable to examine them.

It is contended that upon the facts the plaintiff was, as a matter of law, guilty of contributory negligence. We cannot so rule. Without attempting to differentiate between the defense of assumption of the risk, which cannot be set up in an action based upon the safety appliance law, and the defense of contributory negligence (see Schlemmer v. Buffalo, etc., R. Co., 205 U. S. 1, 27 Sup. Ct. 407, 51 L. Ed. 681), it is sufficient to say that the question of contributory negligence here was one for the jury. The duty of the plaintiff was to uncouple the cars. His first obligation was to use the safety appliance. He attempted to use the appliance on his side of the car, but it was broken. He could only have used the appliance on the opposite side of the car—provided it was in working order—by in some way going around or across the moving train. He could hardly have accomplished this before reaching the west yard switch. He attempted to obey his order by uncoupling by hand. Under the circumstances it cannot be said as a matter of law that he adopted a dangerous method of discharging his duty when a comparatively safe means was open to him. It was peculiarly within the province of the jury to look into all the facts and circumstances and determine whether the plaintiff used the ordinary care required of him in carrying out the order which was given him. Negligence is not the only inference possible to be drawn from the facts, and its existence could not be determined as a matter of legal knowledge.

In the next place, it is contended by the plaintiff that the trial court erred in holding, as a matter of law, that the use of an unblocked frog did not constitute negligence. While, as already pointed out, we think the court erred in holding, as a matter of law, that the condition of the frog was the proximate cause of the accident, we are of the opinion that the ruling that its unblocked condition did not establish negligence was correct. The testimony was quite insufficient to show any material distinction between the present case and the cases of Southern Pacific Co. v. Seley, 152 U. S. 145, 14 Sup. Ct. 530, 38

L. Ed. 391, Wabash R. Co. v. Kithcart, 149 Fed. 108, 79 C. C. A. 150, and Kilpatrick v. Choctaw R. Co., 121 Fed. 11, 57 C. C. A. 255, where it was held that the use of unblocked frogs did not constitute negligence. Moreover, it is by no means clear that the presence of the ordinary blocking would have prevented the plaintiff from catching his foot in the wing of the frog.

The judgment of the Circuit Court is reversed.