BERTHA E. IMAN, *as Administratrix, etc.,* v. THE MIS-
SOURI PACIFIC RAILWAY COMPANY.

No. 16,147.

SYLLABUS BY THE COURT.

RAILROADS — *Defective Appliances* — *Injury to Employee* — *Demurrer to Petition.* A petition which in substance alleges
that the injury complained of was caused wholly by the negligent manner in which the defendant maintained its road-bed,
track and switches at the place where the accident occurred,
by not having the frog of the switch and the guard-rail
blocked, and that therein the defendant failed to use ordinary
care for the protection of its employees, states a cause of
action as against a general demurrer.

Error from Franklin district court; CHARLES A.
SMART, judge. Opinion filed October 9, 1909. Reversed.

*F. B. Dawes,* and *R. C. Miller,* for the plaintiff in
error.

*B. P. Waggener,* and *W. P. Waggener,* for the defendant in error.

The opinion of the court was delivered by

SMITH, J.: The plaintiff in error filed her petition in
the district court of Franklin county, which, omitting
the title, reads:

"Plaintiff for a cause of action against the above-
named defendant states:

"That on the 9th day of November, 1907, at the town
or city of Pomona, in Franklin county, state of Kansas,
William L. Iman departed this life; that at the time of
his death he was an inhabitant and resident of the
county of Miami, state of Kansas, and was the owner
and possessor of certain personal property in said
Miami county.

"Plaintiff further states that on the 21st day of November, 1907, she, who was then and is now the widow
of the said William L. Iman, deceased, was duly appointed and duly qualified as the administratrix of the
estate of the said William L. Iman, by the probate court

of Miami county, Kansas, and at the time of the filing of this petition she is the duly appointed, qualified and acting administratrix of the estate of the said William L. Iman, deceased.

"Plaintiff further states that at his death the said William L. Iman left the following-named heirs, all of whom are now living, at the time of filing this petition, viz., this plaintiff (his widow) and a son, Emery V. Iman, about one year old.

"Plaintiff further alleges that the Missouri Pacific Railway Company is a corporation doing business in the state of Kansas, and maintains and operates a line of railway extending from Kansas City, in the state of Missouri, into and across the state of Kansas, into the state of Colorado, and for all purposes of business is a citizen of the state of Kansas; that a line of said defendant's railway system extends into and across this, Franklin county, Kansas; that on the 9th day of November, 1907, and at the time of filing this petition, the said defendant maintained stations and station agents on, and operated passenger- and freight-trains over, its said line of railway extending through this county.

"Plaintiff further states that on the said day of November, 1907, and for about two months prior thereto, her decedent, the said William L. Iman, was in the employ of said defendant as a brakeman on freight-trains; that prior to November 9, 1907, his run was from Osawatomie to Kansas City and return; that November 9, 1907, the defendant for the first time sent plaintiff's said decedent on a run west from Osawatomie to Council Grove, as a brakeman on a freight-train; that at Pomona, in Franklin county, Kansas, on the said 9th day of November, 1907, at about 7 o'clock P. M., being dark, plaintiff's said decedent, William L. Iman, while in the proper and ordinary discharge of his duties as such brakeman, and while attempting to cross the defendant's railway track, for the purpose of reaching the other side of the track to gain a position from which he could signal the defendant's engineer, who was on the defendant's locomotive which propelled and operated the defendant's freight-train, and while the plaintiff's said decedent and the other members of said train crew was engaged in switching cars at said place, caught his foot in the frog of the switch in defendant's line of railway, and on account of the sole of

his shoe catching under the flanges of the rails he was unable to extricate his foot before he was caught by a portion of said freight-train that was then being backed up for the purpose of being coupled to other cars then and there standing on defendant's track; that the said cars that were being backed knocked said decedent down on the track, ran over him, crushing and mangling his body and instantly killing said decedent; that the death of decedent was then and there wholly caused by the negligent manner in which defendant maintained its road-bed, track and switch at said point, by not having the frog of the switch and guard-rail blocked, where the rails come close together, so an employee's foot, while engaged in operating its trains, could not get caught under the flanges of the rails; that this defendant for a long time prior thereto had an opportunity to know and did know that the switch at said point was in a dangerous and unsafe condition; that said decedent did not know and did not have an opportunity to know the unsafe condition of said switch and was without negligence on his part.

"Plaintiff further states that the defendant, by failing to have the proper blocks in the frog of its switch between the guard-rail and the other rail in its track, failed to use ordinary care for the protection of its employees, and failed to use the ordinary degree of care which on said date and for a long time prior thereto had commonly been in use by many of the different railway systems in the state of Kansas.

"Plaintiff further states that at the time of his death decedent was 22 years of age, was sound mentally and physically, was her only means of support, and at the time of his death was earning about eighty ($80) dollars per month.

"Plaintiff further alleges that the said defendant, the Missouri Pacific Railway Company, as aforesaid, did negligently and carelessly cause the death of plaintiff's decedent, the said William L. Iman, to the damage of plaintiff as administratrix as aforesaid in the sum of ten thousand ($10,000) dollars, and for costs of suit and other proper relief.        R. C. MILLER,
*Attorney for Plaintiff*."

To this petition the defendant filed a general demurrer, which on hearing was sustained, and, the plaintiff

electing to stand on her pleading, judgment was rendered against her for costs.

The contention of the plaintiff is that the court erred in its ruling on the demurrer. The defendant says "the only question to be determined is whether or not the failure on the part of the defendant company to adopt a system of blocking its frogs and switches is negligence *per se*," and that such failure is not of itself negligence.

If from the facts stated in the petition it may clearly be said that the deceased assumed the risk of danger at the time of his employment, or afterward by continuing in the employment without objection, knowing of the danger from the unblocked frog, or knowing that the frogs and the guard-rails of the defendant's railroad were all or generally unblocked, then such assumption of risk would be a waiver of the negligence of the defendant, if it be negligence, in failing to block the frog and the guard-rail. (See *Rush, Adm'x, v. Mo. Pac. Rly. Co.*, 36 Kan. 129.) The petition, however, expressly alleges that the defendant had an opportunity to know and did know, and the deceased had no opportunity to know and did not know, that the switch at the place of the accident was in a dangerous and unsafe condition.

The defendant undertakes to draw inferences from other allegations of the petition to overcome these positive statements. But the allegation that deceased had been employed as a brakeman on the defendant's railroad between Osawatomie and Kansas City does not justify the inference that he was an experienced railroad hand. Nor does the fact that the switch where the accident occurred was not blocked justify the inference that none of the switches between Osawatomie and Kansas City was blocked or that the defendant had not adopted this device on any portion of its system. At any rate, under the liberal rule in this state of construing pleadings attacked by demurrer, inferences, unless practically irresistible, are not indulged

to overcome positive averments inconsistent therewith. We conclude that the petition as a whole does not show that the decedent assumed the risk.

(See *Hoffmeier v. Railroad Co.*, 68 Kan. 831; *Railway Co. v. Bancord*, 66 Kan. 81; *Lee v. Mo. Pac. Ry. Co.*, 195 Mo. 400; *Rush, Adm'x, v. Mo. Pac. Rly. Co.*, 36 Kan. 129; *Southern Pacific Company v. Seley*, 152 U. S. 145.)

If it is a matter of common knowledge that the device of blocking lock-rails and switches is a beneficial safeguard against injury to the employees of railroad companies and causes no considerable hazard to the public while traveling upon the trains, and that some such device can be installed without an unreasonable expenditure, then the court should take judicial notice of the facts and declare the failure to adopt such device negligence *per se*. Otherwise, and if the facts are in doubt, the court should not so declare. It may be that in railroad yards where there are many switches over which employees in the discharge of their duties have frequent occasion to pass at all hours of the day and night, and over which trains do not usually pass at great speed, the exercise of ordinary care would require the company to block the frogs, while it could not reasonably be required at a small station on the line. The greater the danger the greater the care required is a familiar rule. That there is danger to trainmen in passing over unblocked frogs this and many other cases attest. That the matter is regulated by statute in some states may be said to be generally known. But we can not yet say, under the bare allegation of facts pleaded in this case and in the absence of a statutory requirement, that the omission to block the frog in question was negligence *per se*. It would seem that cinders, which the railroads have in abundance, might be utilized to safeguard employees without danger of derailing trains. But this, also, is a matter for expert evidence. (See *Missouri P. R. Co. v. Baxter*, 42 Neb. 793;

*Donegan v. Baltimore & N. Y. Ry. Co.*, 165 Fed. 869.)

In the petition it is alleged that the death of deceased was wholly caused by the failure of the defendant to have the frog of the switch and the guard-rail blocked, and that therein the defendant failed to use ordinary care for the protection of its employees. This presents a question of fact, which if admitted or established by evidence should entitle the plaintiff to judgment, and if denied presents an issue for the determination of a jury. (See *O'Neill v. Chicago, R. I. & P. R. Co.*, 66 Neb. 638; *Richmond & Danville R. R. Co. v. Weems*, 97 Ala. 270; *Huhn v. The Mo. Pac. Ry. Co.*, 92 Mo. 440, and cases there cited.)

The order sustaining the demurrer is reversed, and the case is remanded with instructions to set aside the judgment and to overrule the demurrer.